| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>Eugene D. Roth, Esq.<br>Law Office of Eugene D. Roth<br>2520 Hwy 35, Suite 307<br>Manasquan, New Jersey 08736<br>Attorneys for the Debtors | **Order Filed on November 16, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Jagmohan Vasudeva and Meena Vasudeva<br><br>Debtor. | Chapter 13<br><br>Case No. 22-14193<br><br>Hearing Date: November 15, 2023<br><br>Judge: Christine M. Gravelle, U.S.B.J. |

**ORDER, PURSUANT TO SECTION 363(B) AND (F) OF THE BANKRUPTCY CODE, AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY, FREE ANDCLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES ANDINTERESTS AND APPROVING PAYMENT TO ALLOWED SECURED CLAIMS**

The relief set forth on the following pages numbered two (2) through five (5) is hereby **ORDERED**.

**DATED: November 16, 2023**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2

| | |
|---|---|
| Debtor: | Jagmohan and Meena Vasudeva |
| Case No.: | 22-14193 (CMG) |
| Caption of Order: | ORDER, PURSUANT TO SECTION 363(B) AND (F) OF THE BANKRUPTCY CODE, AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND APPROVING PAYMENT OF ALLOWED SECURED CLAIMS |

_____

This matter having been brought by Jagmohan Vasudeva and Meena Vasudeva (the "Debtors"), by and through their counsel, the Law Offices of Eugene D. Roth by Motion (the "Sale Motion") for the entry of an order pursuant to Section 363(b), (f) of the United States Bankruptcy Code (the "Bankruptcy Code") authorizing and approving the sale of real property identifiable as 6 Mimi Drive, Monroe Township, NJ 08831 (the "Property"), free and clear of all liens, claims, encumbrances and interests; and due and proper notice of the Sale Motion having been provided to all parties required to receive notice; and it appearing that the relief requested in the Sale Motion is in the best interest of creditors and the estate; and any objections to the Sale Motion having been resolved, withdrawn or overruled by this Court; and good and sufficient cause appearing for the granting of the relief requested in the Sale Motion,

IT IS HEREBY ORDERED:

1. The Sale Motion is granted in all respects.

2. The Contract of Sale and Addendum, annexed hereto collectively as Exhibit A, are hereby approved.

3. Pursuant to section 363(b) and (h) of the Bankruptcy Code, the Debtors are authorized and directed to sell the Property to John Shinouda and Neveen Shinouda. (the "Purchasers").

4. Pursuant to section 363(f) of the Bankruptcy Code, the sale of the Property to the Purchasers is free and clear of any and all liens, claims, encumbrances and interests.

Page 3
Debtor: Jagmohan and Meena Vasudeva
Case No.: 22-14193 (CMG)
Caption of Order: ORDER, PURSUANT TO SECTION 363(B) AND (F) OF THE BANKRUPTCY CODE, AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND APPROVING PAYMENT OF ALLOWED SECURED CLAIMS

_____

5. The Debtor shall at closing utilize the proceeds from the sale of the Property to pay allowed Secured Claims on the Property, including the secured claim of the Select Portfolio Servicing, Inc., as servicer for MEB Loan Trust which shall be paid in full at closing pursuant to a payoff statement generated through the date of tender, and if applicable that any short sale shall be subject to the final written approval of Select Portfolio Servicing, Inc., as servicer for MEB Loan Trust.; the secured claim of NewRez LLC d/b/a Shellpoint Mortgage Servicing which shall be paid in full at closing pursuant to a payoff statement generated through the date of tender; any outstanding real estate taxes and/or municipal charges; any open or outstanding tax sale certificates; the professionals noted in the Notice of Private Sale filed simultaneously with the Sale Motion; and customary closing costs.

6. The balance of any non-exempt proceeds from the sale of the Property shall be paid to the Chapter 13 Trustee unless the Plan is paid off in full from the Sale pursuant to a payoff obtained from the Chapter 13 Trustee's Office.

7. The sale of the Property to the Purchasers shall constitute a legal, valid and effective transfer of title to the Property.

8. The Debtors are authorized and directed to execute and deliver such documents and take such other actions as may be necessary, desirable or appropriate to effect, implement and/or consummate the sale of the Property to the Purchasers without further application to the Court.

Page 4
Debtor:            Jagmohan and Meena Vasudeva
Case No.:          22-14193 (CMG)
Caption of Order:  ORDER, PURSUANT TO SECTION 363(B) AND (F) OF THE BANKRUPTCY CODE, AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND APPROVING PAYMENT OF ALLOWED SECURED CLAIMS

_____

9. The Court shall have jurisdiction to (a) implement, interpret, consummate and/or effectuate the provisions of this Order; and (b) resolve any disputes relating to the sale of the Property and distribution of the proceeds thereof.

10. Pursuant to Section 363(m) of the Bankruptcy Code, the reversal or modification of this Order on appeal shall not affect the validity of the transfer authorized herein unless the transfer is stayed pending appeal and prior to closing.

11. The Debtors' authorization to sell the subject property shall expire sixty (60) days from the date of entry of this Order, unless an Order extending time to close is entered by this Court upon Application and proper notice.

12. The fourteen (14) day stay on an order authorizing the use, sale or lease of property found in Federal Rules of Bankruptcy Procedure 6004(h) is hereby waived.

13. A copy of the signed HUD/Settlement statement shall be provided to the Chapter 13 Trustee within seven (7) days of the closing.

14. Movants shall serve a copy of the executed Order on all interested parties who have not yet been served electronically by the Court.